UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) <br> ) <br> v.                                      ) <br> ) <br> NICHOLAS POLICE,              ) <br> ) <br> **Defendant.**                         ) <br> ) | Criminal No. <br> 05-40034-FDS |

**PROCEDURAL ORDER**
**RE: SENTENCING HEARING**

**SAYLOR, J.**

A [plea of guilty/verdict of guilty/plea of nolo contendere] having been entered on 2/10/06, it is hereby ORDERED:

**1.      Pre-Sentence Investigation**

The United States Probation Office shall begin the pre-sentence investigation immediately.  To the extent practicable, the Probation Office shall prepare Pre-Sentence Reports in the order in which the requests from the Court are received.

**2.      Statement of Relevant Facts**

a.      Not later than seven business days after the plea or verdict, the attorney for the government shall provide to the Probation Office, and serve on counsel for the defendant, a written statement setting forth the government's version of the facts of the offense.

b.      In cases involving identifiable victims and/or recommendations for orders of restitution, the government shall also provide the names of any victims; their addresses, telephone numbers, and other available contact information; the amount of loss suffered by each victim; and the amount of restitution owed to each victim, if different.

3.   **Interview of Defendant**

The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted during the pre-sentence investigation.

   a.   If the case is resolved by a plea, and the Probation Office has been timely notified, the Probation Office should ordinarily hold an interview with the defendant on the day of the plea. If an interview cannot be held on the day of the plea, the Probation Office should ordinarily conduct an interview within seven business days.

   b.   If the case is resolved by a verdict, the Probation Office should ordinarily conduct an interview with the defendant within seven business days.

   c.   If the defendant is in custody, the United States Marshals Service shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

4.   **Responsibility of Pretrial Services**

Pretrial Services shall provide to the Probation Office all documents in its possession that may be relevant to the pre-sentence investigation, including, for example, copies of the Pretrial Report; the defendant's state, local, and national criminal record; police reports; prior convictions; drug test results; and reports of incidents.

5.   **Date of Sentencing**

The sentencing is scheduled to occur at 3:00pm. on 5/26/06, in courtroom 2 on the 5th floor. This date is intended to provide a period of seven weeks after the date of plea or verdict for the Probation Office to prepare and disclose the initial Pre-Sentence Report to counsel, and five weeks from that point to the date of sentencing. The

defendant may expressly waive the minimum required notice period set forth in Fed. R. Crim. P. 32(e)(2).

6. **Disclosure of Pre-Sentence Report**

    a.    The Probation Office shall disclose the initial Pre-Sentence Report to counsel at least five weeks before the sentencing, unless the Court directs otherwise.  For these purposes, the date of disclosure to each attorney shall be the date of the mailing of a copy to that attorney. An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the report no later than 3:00 p.m. on the date disclosure is due.

    b.    It is the responsibility of the defense counsel to disclose the Pre-Sentence Report to the defendant and to discuss it with, and explain it to, the defendant.

7. **Procedure for Objections to Pre-Sentence Report**

    a.    Within fourteen calendar days after disclosure of the Pre-Sentence Report, counsel for the government and the defendant shall serve the Probation Office and opposing counsel with any objections they may have to the Pre-Sentence Report, including any objections as to factual assertions, sentencing guideline calculations, or any other information contained in or omitted from the report.

    b.    The Probation Office shall conduct such further investigation and make any revisions to the Pre-Sentence Report as may be necessary or appropriate under the circumstances.  The Probation Office may require counsel for both parties to confer with the Probation Officer to identify and attempt to resolve any factual or legal disputes that may require hearing by the Court.

8. **Final Pre-Sentence Report**

      a.      Not less than seven calendar days before the sentencing hearing, the Probation Office shall submit to the Court and disclose to the attorneys the final Pre-Sentence Report, including any addenda setting forth any unresolved objections, the grounds for these objections, and the Probation Officer's comments on the objections.  The Probation Officer shall certify that the contents of the report, including any revisions, and the addendum have been disclosed to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections.

      b.      Any undisputed portion of the Pre-Sentence Report may be accepted by the Court as a finding of fact.  The Court, however, for good cause shown, may allow a new objection to the Pre-Sentence Report to be raised at any time before the imposition of sentence.

**9.**      **Guideline and Non-Guideline Sentences**

The Court expects to follow the following process in determining the sentence in this case:

      a.      The Court expects to conduct three levels of analysis in determining an appropriate sentence:

      (1)      The Court will first calculate a guideline sentence, without reference to any departure from the Sentencing Guidelines that may be permitted by the Guidelines themselves (the "Guideline Sentence").

      (2)      The Court will next consider whether a sentence should be imposed that departs from the Sentencing Guidelines, based on the criteria set forth in the Guidelines at Sections 5K1.1 to 5K3.1 and applicable Guidelines case law permitting such departures (the "Departure Sentence").

(3)   The Court will next consider whether a sentence should be imposed that is different from either the Guideline Sentence or the Departure Sentence (if any), after considering the factors set forth in 18 U.S.C. § 3553(a) (the "Non-Guideline Sentence").

b.   The Court expects to give substantial weight to the Sentencing Guidelines, including the departure provisions of the Guidelines, and will impose a Non-Guideline Sentence only for clearly identified and persuasive reasons.

c.   Notwithstanding the foregoing, any party may, by appropriate motion or objection, seek to persuade the Court that a different analytical framework is appropriate, or otherwise raise relevant issues of law.

**10.   Requests for Non-Guideline Sentences**

The following requirements shall apply if a party seeks to have the Court impose a Non-Guideline Sentence:

a.   Any party seeking to have the Court impose a Non-Guideline Sentence shall, within fourteen calendar days after receiving the initial Pre-Sentence Report, submit a Sentencing Memorandum which shall include the following:

(1)   the Non-Guideline Sentence the party seeks to have the Court impose;

(2)   the reasons the party believes the Non-Guideline Sentence is appropriate, including the reasons the sentence satisfies the factors set forth in 18 U.S.C. § 3553(a); and

(3)   any additional facts, not set forth in the Pre-Sentence Report, upon which the party intends to rely.

b.   Any documents or other exhibits submitted in support of a Non-Guideline

Sentence shall be filed with the Sentencing Memorandum.

  c. A Sentencing Memorandum may address a request for a Departure Sentence, a request for a Non-Guideline Sentence, or any other issue relevant to sentencing.

  d. Any opposition or objection to any Sentencing Memorandum, exhibit, or other item submitted in support of sentencing, shall be filed within seven calendar days after receipt of the Sentencing Memorandum or other materials to which objection is made.

  e. Copies of all Sentencing Memoranda and other materials submitted under this paragraph shall be provided to the Probation Office.

  f. For good cause shown, the Court may modify the above requirements or take such other steps as justice may require.

**11.** **Other Sentencing Memoranda**

Any party may submit a Sentencing Memorandum that does not request a Non-Guideline Sentence at any time up to two business days before the sentencing hearing, unless the Court orders otherwise. Copies of all Sentencing Memoranda and other materials submitted under this paragraph shall be provided to the Probation Office.

**12.** **Evidentiary Hearing**

The Court may hold an evidentiary hearing at the time of sentencing to resolve any disputed issues.

  a. In resolving any disputed issues, the Court may consider any reliable information presented by the Probation Office, the defendant, or the government.

  b. Not less than five calendar days before the sentencing hearing, counsel are to advise the clerk if counsel for either party contends that an evidentiary hearing is necessary, and

shall advise the clerk of the amount of time counsel expects would be required to complete the hearing.

**13.     Modification of Schedule**

The schedule set forth in this order may be modified by the Court for good cause shown.

**14.     Disclosure of Sentence Recommendation**

The Probation Office shall not disclose to any party any recommendation it made to the Court as to sentence. Any such recommendation made to the Court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: 2/10/06

cc:     Counsel
        Probation Office
        Pretrial Services
        U.S. Marshal