UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
          v.                )   CR. NO.: 05-40034-FDS
                            )
NICHOLAS POLICE             )

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM**

The government files this Response to the defendant's sentencing Memorandum. As the Court is well aware the defendant pleaded guilty to three substantive drug sales to a Drug Enforcement Administration ("DEA") cooperating witness. There is no dispute concerning the amount of drugs involved in those sales. The only disputed issue in this sentencing is the amount of additional drugs that should be considered "relevant conduct" attributable to the defendant under Section 1B1.3 of the United States Sentencing Guidelines. As more fully explained below, the legal standards are clear and the evidence easily supports the conclusion of the Probation Office that at least five kilograms of cocaine should be attributed to the defendant.

Legal Standards

Drug quantities attributable to the defendant as relevant conduct must be established by a preponderance of the evidence. See, e.g., United States v. Barbour, 393 F.3d 82, 93 (1st Cir. 2004). The government has the burden to establish by a preponderance of the evidence a "sufficient nexus" between the offense of conviction and the uncharged conduct it wishes the

1

court to consider. United States. v. Sklar, 920 F.2d 107, 110 (1st Cir.1990). In this inquiry the rules of evidence do not apply, and the court may consider "virtually any dependable information." Id. See also, United States v. Raheem Jones, 2006 WL 2673296 (September 19, 2006)(District Court properly relied on affidavits, laboratory reports, transcripts of grand jury testimony and a tape recording of an undercover drug transaction in determining substance at issue was crack cocaine.) On appeal, the sentencing court's factual findings of relevant conduct are reviewed for clear error. United States v. Santos Batista, 239 F.3d 15, 21 (1st Cir. 2001).[1]

Evidence

At the evidentiary hearing on September 19, 2006 the government called two witnesses, John Saari and Daniel Lehan. Saari was the DEA cooperating witness who made the three undercover purchases of controlled substances to which the defendant pleaded guilty. Saari testified that prior to being confronted by DEA and deciding to cooperate he had frequently purchased cocaine and marijuana from the defendant. Beginning in early 2003 and continuing for approximately ten months, Saari regularly purchased cocaine from the defendant. During this ten

---

[1] In footnote three of his Memorandum the defendant argues that a higher standard should apply because this case involves a minimum mandatory sentence. The Court has already determined, without objection from the parties or the Probation Office, that this case does not involve a minimum mandatory sentence.

month period Saari estimated that he purchased an average of one ounce of cocaine per week.  He also purchased quantities of marijuana.

At the hearing the government offered a tape recording and transcript of the recording that Saari made with the defendant on March 27, 2004 when Saari was cooperating with DEA and purchased approximately one ounce of cocaine (27.9 grams) of cocaine.  See PSR ¶ 9.  During this undercover cocaine purchase the defendant bragged that he had sold 135 kilograms of cocaine since his arrest and release on state drug trafficking charges.  See Hearing Exhibits 1 and 2.[2]

During this same undercover purchase another drug customer named Daniel Lehan was present.  Massachusetts State Police Troopers arrested Lehan after he drove away from the defendant's home.  Troopers seized approximately nine ounces of cocaine that Lehan had purchased from the defendant.  See PSR ¶ 10.  After his arrest, Lehan told the Troopers that he had purchased at least five kilograms of cocaine from the defendant over the course of five months.  A copy of Lehan's written statement was entered into evidence at the hearing.

---

[2] The defendant was charged in state court and in September of 2002.  See PSR ¶ 35.  Before cooperating with DEA, Saari purchased drugs from the defendant from approximately January, 2003 until October, 2003.  Saari was arrested in October, 2003 and made the undercover purchases from Police in March, 2004. Police pleaded guilty and went to prison in May, 2004.  See PSR ¶ 35.

Lehan was compelled to testify and remained an uncooperative witness who feigned memory lapses concerning his drug purchases from the defendant.  Of course Lehan was on his way back to prison after the hearing and very concerned about being perceived as someone who cooperated with the government.

The evidence at the hearing and in the PSR easily supports the conclusion of the Probation Office that the defendant should be accountable for at least five kilograms of cocaine.  The defendant bragged he sold 135 kilograms; Saari testified he purchased over a kilogram of cocaine (one ounce a week for 40 weeks (10 months) is 28 grams times 40, which equals 1,120 grams or 1.1 kilograms.); and Lehan reluctantly adopted his post-arrest statement that he purchased five kilograms of cocaine.

In addition, nothing in the Title 18, U.S.C. § 3553 sentencing factors should give the Court reason to sentence the defendant beneath the Guideline Sentencing Range.  If anything the defendant's personal history and characteristics cut in favor of a higher sentence in that he grew up in a supportive, middle-class family and had the time and resources to obtain a college degree without any great personal sacrifice or hardship.  Drug trafficking is a serious crime and, as this Court recently pointed out, it is not victimless. See <u>United States v. Raheem Jones</u>, 2006 WL 2673296 (September 19, 2006).  The defendant states he is intent on turning his life around and becoming

productive as a music producer.  See PSR ¶¶ 49, 57.  Of course after his arrest on state drug charges the defendant had an opportunity to turn his life around and instead simply sold more drugs.  Having graduated from college he is not in need of any special educational resources and there is nothing in the record to suggest that he needs any special medical resources.  Accordingly, the government believes that the Section 3553 factors support imposition of the Guideline sentence.

<u>5G1.3</u>

The government believes that Section 5G1.3(c) is applicable in this case and the Court has discretion under the Guidelines to sentence concurrently, partially consecutively or consecutively with the state sentence the defendant is currently serving.

Respectfully submitted,

MICHAEL J. SULLIVAN<br>
United States Attorney

By:

DATED: October 9, 2006            /S/ George W. Vien
                                  George W. Vien
                                  Assistant U.S. Attorney

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 9, 2006.

/s/ George W. Vien
George W. Vien
Assistant U.S. Attorney